**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

SHAUNTEL BAKER *o/b/o* A.R.C.,     :
                                     :
          Petitioner,         :
                                     :
v.                                    :     Case No. 7:26-cv-90-WLS-ALS
                                     :
WARDEN, IRWIN COUNTY      :
DETENTION CENTER, *et al.*,     :
                                     :
          Respondents.    :
_____

**ORDER**

On April 1, 2026, the Court received a purported application for habeas corpus relief under 28 U.S.C. § 2241 filed by Shauntel Baker as next friend for A.R.C., who is currently detained at Irwin County Detention Center in Ocilla, Georgia. (ECF No. 1). Ms. Baker did not seek permission to file the application as next friend for A.R.C., but in the application, Ms. Baker contends that she is his spouse, and that she is "dedicated to pursuing this action in [A.R.C.'s] best interests[.]" (ECF No. 1, at 1). Ms. Baker asserts that A.R.C. is "unable to sign or meaningfully access the courts to prepare" his own habeas application due to his detention and "his limited access to legal materials and language barriers, which substantially impair [A.R.C.'s] ability to pursue this action on his own." *Id*. Having considered Ms. Baker's allegations, the Court finds that her allegations contain insufficient information to support granting Ms. Baker next friend status.

A person acting as "next friend" may file a habeas petition on behalf of another who is unable to seek relief himself. *Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) (citing *Ford v. Haley*, 195 F.3d 603, 624 (11th Cir. 1999)); *see also* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and

verified by the person for whose relief it is intended or by someone acting in his behalf.").

One prerequisite to such standing, however, is that the next friend "provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action." *Francis*, 246 F. App'x at 622 (quoting *Whitmore v. Arkansas*, 494 U.S. 149, 163 (1990)). Further, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate," and "it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Whitmore*, 494 U.S. at 163-64. The burden is on the applicant to be "next friend" to establish the entitlement to that status. *Id*. at 164.

Here, Ms. Baker has not met this standard. While she contends that A.R.C. is unable to file his own application for habeas relief because of his detention, which limits his access to legal resources, and causes unnamed barriers to filing and litigating this case while he is detained, that is the reality – however unfortunate it may be – for virtually all individuals facing immigration detention. This Court, like a great many other courts across the country, receives daily filings from individuals detained by the nation's immigration enforcement programs. Consequently, the Court will afford Ms. Baker one opportunity to file a motion requesting permission to proceed as next friend and which addresses the requirements to show next friend status by an unsworn declaration under the penalty of perjury in accordance with the requirements of 28 U.S.C. § 1746. With her motion to proceed as next friend, Ms. Baker may also submit a brief no longer than three (3) pages with her argument for next friend status. Alternatively, Ms. Baker may have A.R.C. complete and sign his petition. The Clerk is directed to forward a blank § 2241 petition to Ms. Baker for A.R.C.'s use. The motion, briefing and declaration, or the petition

signed by A.R.C., shall be due **within twenty-one (21) days** of the date of this Order. Failure to comply with this Order may result in the Court recommending the dismissal of this matter.

      **SO ORDERED**, this 8th day of April, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE